**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JEREMY WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K25C-08-027 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| BAYHEALTH MEDICAL | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 29, 2025
Decided: November 24, 2025

**ORDER**[1]

***Upon Review of the Affidavit of Merit***
**COMPLIANT**

**1.**     This matter involves a medical negligence suit filed by Plaintiff Jeremy Wells ("Plaintiff") against Bayhealth Medical Center, Inc. ("Defendant").[2]   By motion, Defendant has requested that this Court review the affidavit of merit submitted with Plaintiff's complaint to ensure compliance with 18 *Del. C.* § 6853(a)(1) and (c).[3]

**2.**     On August 27, 2025, Plaintiff filed a Complaint (the "Complaint") alleging that Defendant, directly and through its agents and technicians, deviated from the applicable standard of care during a "VQ" scan performed on September

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.
[2] Bayhealth Radiologists, LLC, and Kent Diagnostic Radiology Associates, P.A., were also defendants in the original action but are no longer parties to the action. The parties have stipulated to their dismissal without prejudice, and the Court has entered orders so providing (D.I. 17–18).
[3] Mot. to Test Aff. of Merit (hereinafter "Defendants' Motion") (D.I. 10).

19, 2023.[4]  Plaintiff avers that his left arm was improperly positioned during the procedure, causing it to become caught in the scanning apparatus, resulting in injury.[5]  Plaintiff alleges that Defendant's staff failed to ensure that Plaintiff was properly positioned and that appropriate supervision was provided during the scan.[6]

3.  In Delaware, each medical negligence complaint must be accompanied by an affidavit of merit opining as to the negligence of each defendant, signed by an expert, and attaching the expert's current *curriculum vitae*.[7]  The expert must be licensed to practice medicine as of the affidavit's date.[8]  He or she must also have been "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" in the 3 years immediately preceding the alleged negligent act, and must be Board certified in the same or similar field of medicine if the defendant is Board certified.[9]

4.  The affidavit must indicate that reasonable grounds exist to believe that the applicable standard of care was breached by each defendant and that the breach was a proximate cause of the injuries alleged in the complaint.[10]  Additionally, the affidavit must be filed under seal; upon request, it may be reviewed *in camera* to ensure compliance with statutory requirements.[11]  The requirements for affidavits are "purposefully minimal" in that the General Assembly "did not intend a minitrial

---

[4] Compl. ¶¶ 13, 18, 33 (D.I. 1).

[5] *Id.* at ¶¶ 23–30.

[6] *Id.* at ¶¶ 38, 40, 44.

[7] 18 *Del. C.* § 6853(a)(1).

[8] *Id.* § 6853(c).

[9] *Id.*  The requirements regarding Board certification apply only if the defendant is a physician. *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *McNulty v. Correct Care Sols., LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (noting that "same or similar" Board certification does not apply where defendant is not a physician).

[10] 18 *Del. C.* § 6853(c).

[11] *Id.* § 6853(a)(1), (d).

2

at this stage of the litigation."[12]  An affidavit need not repeat verbatim the statutory language; rather, its statements need only represent the functional equivalent of the statutory language to be judicially acceptable.[13]  As the filing of an affidavit of merit is a duty in derogation of the common law, the Court must narrowly construe the requirements for such an affidavit.[14]

5.      Plaintiff's Complaint was accompanied by one affidavit of merit, which was received by the Prothonotary's office on August 28, 2025.[15]  The affidavit was authored by a medical doctor licensed to practice in Delaware and Board certified in radiology.

6.      As requested by Defendant, the Court has performed an *in camera* review of the affidavit of merit filed with the Complaint.  As to the affidavit in question, the Court finds as follows:

   a. The affidavit is signed by its author.

   b. The current *curriculum vitae* of the affiant is attached to his affidavit.

   c.  In the affidavit, the affiant concludes that there are reasonable grounds to believe that Defendant violated the applicable standard of care and that this breach was a proximate cause of the injuries to the Plaintiff alleged in the Complaint.

   d. The affidavit identifies the specific date of the allegedly negligent act giving rise to this suit.

---

[12] *Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011).

[13] *Id.*; *see also id.* at 344 ("Medical experts need not couch their opinions in legal terms, state the facts that underly their determination, or to [sic] articulate the standard of care with a high degree of legal precision or 'magic words.'" (citation omitted)).

[14] *Hodge v. Bayhealth Med. Ctr., Inc.*, 2025 WL 1068228, at *3 (Del. Super. Apr. 9, 2025) (citations omitted); *accord Gibson v. Keith*, 492 A.2d 241, 247 (Del. 1985) ("[S]trict, rather than liberal, construction of legislation in derogation of the common law is the rule." (citing *Carper v. Bd. of Educ.*, 432 A.2d 1202 (Del. 1981); *State v. Brown*, 195 A.2d 379 (Del. 1963))).

[15] D.I. 3.

**e.** As of the date he signed it, the author of the affidavit was licensed to practice medicine in Delaware.[16] In the three years immediately preceding the alleged negligent act, he has been involved in the "treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant," as contemplated under the statute.[17] Specifically, for the three years prior to the events giving rise to this case, he worked as a medical director of a radiology practice, responsible for supervising all healthcare and administrative personnel in the program.

7.  Upon a review of the Physician Affidavit, the Court concludes that the affidavit satisfies the statutory requirements. In its motion seeking *in camera* review, Defendant asks that the Court ensure the affiant's qualifications include expertise in the fields of nursing, nuclear medicine technology, *and* radiology.[18] The Court finds no basis for that interpretation. Under 18 *Del. C.* 6853(c), an expert must have practiced or taught within the "same or similar field of medicine" as the defendant, not in each discrete area of subordinate or ancillary practice implicated by the alleged negligence.[19] Here, the negligence alleged concerns improper patient positioning and monitoring during a radiologic procedure known as a VQ scan—matters squarely within the field of radiology. However, even if some distinction could be drawn between "nuclear medicine technology" and "radiology," with VQ scan procedures classified under the former, the "same or similar field" language renders Defendant's objections inapposite. Because the affiant is a Board certified

---

[16] Although not required by the statute, the affiant was also Board certified in radiology medicine.
[17] *See* 18 *Del. C.* § 6853(c).
[18] Defendant's Motion 3–4 (D.I. 10).
[19] *See McNulty*, 2017 WL 1323711, at *2 (explaining that an expert need not be proficient in each discrete specialty implicated, so long as he or she is familiar with the standard of care applicable to the defendant's practice).

radiologist actively engaged in the practice and supervision of diagnostic imaging, his qualifications in that discipline are sufficient to satisfy the "same or similar field" requirement.

**8.** Similarly, Defendant asks that the Court ensure "[the affiant] is Board certified in the same fields of medicine as those whom Plaintiff's claims against Bayhealth is [sic] brought, including nursing, nuclear medicine technology, and radiology."[20] This request misconstrues the statute. As previously stated, the Board certification requirement applies only when the defendant is a physician.[21] Because the defendant here is not a physician, the statutory Board Certification provision is inapplicable. Moreover, even if Board certification were required, 18 *Del. C.* 6853(c) provides that, where the defendant is Board certified, the expert must likewise be "Board certified in the same *or similar* field of medicine."[22] The omission of the phrase "or similar" from Defendant's formulation impermissibly narrows the statute's scope. Because 18 *Del. C.* 6853 is in derogation of the common law, the Court will not impose qualifications more demanding than those expressly set forth by the General Assembly.

**WHEREFORE**, in consideration of the foregoing, the Court finds that the affidavit of merit submitted by Plaintiff satisfies the statutory requirements of 18 *Del. C.* § 6853(a) and (c). The Court therefore finds that affidavit of merit, and by extension Plaintiff's Complaint, to be **COMPLIANT**.

---

[20] *Id.* at 4.
[21] *See supra* note 10.
[22] *See* 18 *Del. C.* § 6853(c) (emphasis added).

5

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record